In the Matter of the Claim of ELLA LEWIS, Respondent, against I. SHULMAN AND SON CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits, the sole issue being as to the finding that claimant is decedent's widow by virtue of a common-law marriage. The board found upon substantial evidence that the common-law marriage commenced in March or April of 1932 and continued for 23 years, until decedent's death in 1955. Thus the relationship antedated the effective date of chapter 606 of the Laws of 1933, after which no common-law marriage could be contracted. The board was warranted in accepting claimant's testimony that she and decedent mutually agreed to live together as husband and wife, that decedent gave her a wedding ring and that they did, in fact, live for 23 years as man and wife, considering that they were " married the same as anybody ". There was evidence of the acknowledgment and representation of that relationship by both parties, including the testimony of decedent's former employer which related to dates as early as 1932 and 1933. The proof satisfied the tests outlined by Justice FOSTER at Special Term: " Any mutual agreement between a man and woman to be husband and wife *in praesenti,* followed by cohabitation, constitutes a valid and binding marriage. An actual marriage may be presumed from matrimonial cohabitation and acknowledgments of the parties. A mere formal contract is not the essential thing. Marriage is a status which may be established by the words, actions and lives of the parties, evidencing their understanding and intent." (*Dodge* v. *Campbell,* 135 Misc. 644, 651, affd. 229 App. Div. 534, affd. 255 N. Y. 622.) Implicit in the board's determination was its rejection of appellants' contention that a common-law marriage had existed between claimant and another man and had not been legally dissolved. There was evidence, which the board was entitled to accept, that this earlier relationship was meretricious and that there was no mutual agreement for, or acknowledgment of a marital status but, in fact, a disavowal of it. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.